*G-holson, J.
The act regulating descents, i:>assed 24th February, 1831, in the case of an estate which came from an ancestor by descent, devise, or deed of gift, after providing for a descent to the children of the intestate, the brothers and sisters of the intestate, etc., also provides for the brothers and sisters of the ancestor from whom the estate came, or their legal representatives. In the case of an estate which came not by descent, devise, oi deed of gift, but by purchase, the brothers and sisters named are *263 those of the intestate. The tenth section of that act provided, that, “when any of the before-mentioned children, brothers, sisters, or their legal representatives, in the same degree of consanguinity or kindred, come into partition of any real estate, they shall take per capita; but where one or more of them are dead, and one or more of them are living, the issue of those dead shall have a right to partition; and such issue, in such case, shall take per stirpes.” Under this provision, the parties in this case would be included as Jegal representatives of the brothers and sisters of the intestate. They are in the same degree of consanguinity or kindred — all either living nephews and nieces of the intestate, or children of a nephew deceased; the former would take per capita, the latter per stirpes.
Such would have been the rule applicable to this case, before the act to regulate descents, passed 14th March, 1853. In that act, the tenth section of the act of 1831 is not, in terms, re-enacted. In its stead are the 5th, 6th, 7th, and 8th sections of the act of 1853. The 5th and 6th sections provide, in express terms, for the children of the intestate, in the two cases, where there are living children and no issue of deceased children, and where there are living children and also issue of deceased children. In the former case, the children take per capita; in the latter, a representation per stirpes is allowed. The act, in terms, provides for no other ease; but the 6th and 8th sections provide that the same rule, prescribed in the 5th and 6th ^sections, shall apply in other cases. In what other cases, is the question to be solved ?
There is some ambiguity arising from the language employed in the 6th section, which has probably led to the reservation of the question in this case. It might, upon a first inspection of that section, be supposed that the “ descendants ” to which it refers, were the lineal descendants only of the intestate, such as grandchildren and great-grandchildren; but a more careful examination shows the contrary. It will be seen that in the 6th section children as well as grandchildren and great-grandchildren are named, which, if the lineal descendants of the intestate alone are intended, would have been unnecessary, the children of the intestate having been provided for in the 5th section. The concluding language of that section also shows, that descendants, in the sense of those to whom the estate descends, were in the contemplation of the legislature. Its provisions are to apply *264 “ so that the estate shall pass to such persons of equal degree of consanguinity to such intestate in equal parts, however remote from the intestate such equal and common degree of consanguinity may be.”
Our conclusion is, that the legislature, instead of limiting the rule as provided in the tenth section of the act of 1831, intended to extend and apply it to every case in which an estate was to be divided among a class of descendants, whether their consanguinity to the intestate be lineal or collateral. The partition will, therefore,_ be ordered, in accordance with the claim of the plaintiffs, into eighteen shares, of which the nephews and nieces of the intestate will each be entitled to one, and the two children of the deceased nephew will together be entitled to one.
Brinkerhoee, C. J., and Scott and Sutliee, TT., concurred.
Peck, J., was absent.